UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
JACQUELYN V. FITZHUGH,         )
                              )
            Plaintiff,         )
                              )   Civil Action
v.                             )   No. 22-cv-10217-PBS
                              )
WELLS FARGO BANK, N.A., AS     )
INDENTURE TRUSTEE FOR THE IMPAC)
CMB TRUST SERIES 2005-3,       )
                              )
            Defendant.         )
_____)

**MEMORANDUM AND ORDER**

March 29, 2022

Saris, D.J.

**INTRODUCTION**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), as Indenture Trustee for the IMPAC CMP Trust Series 2005-3 (the "Trust"), scheduled a statutory foreclosure auction sale on February 14, 2022, of the Dorchester residence of Plaintiff Jacquelyn V. Fitzhugh. To stop the sale, Fitzhugh, who had not made any mortgage payments for sixteen years, brought suit in state court on February 8, 2022, challenging the Trust's right to foreclose. Count I alleges that Defendant fails to meet the statutory definition of "mortgagee" under M.G.L. c. 183, § 14, and so Defendant has failed to comply with the requirements of M.G.L. c. 244, § 14, necessary to foreclose. Count II alleges that

[1]

Defendant has not conducted the required examinations regarding Plaintiff's ability to pay and her finances necessary to foreclose under M.G.L. c. 244, § 35(b). Count III alleges that Plaintiff is the title holder and seeks to quiet title under M.G.L. c. 240, §§ 6-10. Count IV, in the alternative, seeks rescission of the mortgage loan, arguing notice of rescission was timely.

Fitzhugh filed an emergency motion for a preliminary injunction in state court on February 8, 2022, and a hearing was scheduled for February 11, 2022, but Defendant removed the case to this Court on February 10, 2022. Fitzhugh filed the instant emergency motion for a preliminary injunction that same day. The following day, this Court stayed the foreclosure "until the court can review the merits of the preliminary injunction motion." Dkt. 7. The morning of the hearing, Fitzhugh filed a suggestion of bankruptcy, arguing her new bankruptcy petition gave rise to a new automatic stay. This is the <u>tenth</u> bankruptcy proceeding initiated by Plaintiff or her spouse.

After hearing, the Court **DENIES** the emergency motion for preliminary injunction (Dkt. 5) and **VACATES** the stay (Dkt. 7).

## FACTUAL BACKGROUND

The record contains evidence of the following facts. On January 14, 2005, Fitzhugh bought her home for $387,500.00 and received a Quitclaim Deed. The Property is located at 46 Bloomfield Street, Lynn, Massachusetts. To finance the purchase, Fitzhugh

[2]

borrowed $310,200 via an Adjustable Rate Note from Geneva Mortgage Corporation ("Geneva"), secured through a mortgage encumbering the Property. See Dkt. 13-1 (Mortgage) and 13-8 (Note).

The Mortgage and Note were recorded with the Southern Essex Registry of Deeds ("Registry"). Defendant is the current holder of the Mortgage, as evidenced by a chain of assignments recorded with the Registry between 2005 and 2017. See Dkt. 12 at 2-3 (and cited exhibits). One additional assignment from Geneva to Impac Funding Corporation ("Impac") was recorded in 2008. It mirrors a previous assignment in 2005 from Geneva to Impac, except it lists a different address for Geneva. Compare Dkt. 11 at 152 with Dkt. 13-2.

Plaintiff did not receive a copy of any closing documents at the closing on January 14, 2005. See Dkt. 1-1, ¶ 35. Sometime before February 16, 2005, Fitzhugh received the closing documents, including a notice of her three-day right to cancel the transaction. See id., ¶ 37-39. On February 16, Fitzhugh was contacted by Master Financial, Inc. ("Master Financial") for payment, and informed that it would be servicing her loan. Six weeks later, on April 3, 2005, she mailed a "TILA Notice of Rescission" to Master Financial. She did not receive any response. She recorded the alleged rescission with the Registry eleven years later on October 24, 2016.

[3]

On April 5, 2006, ten months after obtaining the loan, Fitzhugh filed for bankruptcy. Fitzhugh and her husband have now filed for bankruptcy ten times. No bankruptcy discharge has been granted. Defendant and its predecessors submitted as proof of claim in those proceedings a copy of a promissory note for $77,550 with an attached allonge transforming it into a $310,200 note. See Dkt. 11 at 65. A copy of the $310,200 Note was filed as an exhibit in bankruptcy court as early as November 25, 2011.

Fitzhugh has not paid her mortgage in sixteen years. Multiple foreclosure sales have been scheduled, but all have been cancelled due to bankruptcy filings.

On February 16, 2021, the Trust recorded an Affidavit Pursuant to M.G.L. Chapter 244 Sections 35B and 35C in Book 39535, Page 97 attesting to the Trust's ownership of the Note and Mortgage and stating that the requirements of M.G.L. c. 244, § 35B were complied with. On or about October 12, 2021, the Trust scheduled a foreclosure sale of the Property for December 15, 2021. The sale was postponed to February 14, 2022, due to Mr. Fitzhugh's most recent bankruptcy filing. Fitzhugh filed the instant lawsuit in state court on February 8, 2022.

## **LEGAL STANDARD**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that

[4]

the balances of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). "While all these factors must be weighed, the cynosure of this four-part test is more often than not the movant's likelihood of success on the merits." Borinquen Biscuit Corp. v. M.V. Trading Corp., 443 F.3d 112, 115 (1st Cir. 2006). The Court "has broad discretion in deciding what evidence to consider in connection with a motion for preliminary injunction, including hearsay." Rice v. Wells Fargo Bank, N.A., 2 F. Supp. 3d 25, 31 (D. Mass. 2014) (citing Aseo v. Pan Am. Grain Co., 805 F.2d 23, 26 (1st Cir. 1986)).

## DISCUSSION

### I. Suggestion of Bankruptcy

Before considering Plaintiff's emergency motion for preliminary injunction, the Court must address the issue of whether Plaintiff's suggestion of bankruptcy gives rise to an automatic stay. On the day of the hearing, at the eleventh hour, Fitzhugh filed a suggestion of bankruptcy, the tenth aggregate bankruptcy filing between her and her husband, arguing her bankruptcy petition gives rise to an automatic stay under 11 U.S.C. § 362(a). See Dkt. 19. Defendant responded by pointing to an order entered in her husband's latest bankruptcy case pursuant to 11 U.S.C. § 362(d)(4), granting Wells Fargo relief from the automatic stay to exercise its rights as to the Property. Section 362(d)(4) authorizes a court

to grant prospective relief from stay "if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors." This in rem order was recorded by Wells Fargo and so "shall be binding in any other case under Title 11 purporting to affect the real property at 46 Bloomfield Street, Lynn, Massachusetts that is filed not later than two years after the date of the entry." Dkt. 20-4 at 2. It matters not that Fitzhugh was not a party to her husband's bankruptcy proceeding. See In re Gonzalez-Ruiz, 341 B.R. 371, 384 (B.A.P. 1st Cir. 2006) ("In rem relief renders the automatic stay in any future bankruptcy cases inapplicable to the lender's foreclosure of a particular res, regardless of who owns the property or files the case.") (emphasis added). Nor does Fitzhugh's argument that she was denied due process have merit; she was provided with notice of the motion for in rem relief and could have filed an objection. See Dkt 20-2. The Court finds, based on the in rem order, that Fitzhugh's bankruptcy petition does not give rise to an automatic stay.

## II. Plaintiff's Likelihood of Success on the Merits

### A. Count I: Challenge to the Foreclosure under M.G.L. c. 244, § 14, Disputing the Trust's Ownership of the Mortgage

Fitzhugh argues that Defendant was not the proper party to initiate a foreclosure action under M.G.L. c. 244, § 14 at the time of notice of the sale. Under Massachusetts law, the party initiating foreclosure must be a "mortgagee," meaning one who

[6]

possesses a valid assignment of the mortgage and holds the underlying mortgage note physically in its possession or who acts as the agent of one holding the note. See Eaton v. Fed. Nat. Mortg. Ass'n, 969 N.E.2d 1118, 1131 (Mass. 2012). Fitzhugh argues that Defendant has not proven it held the Note or that it was validly assigned the Mortgage.

   *1. Possession of the Note*

With respect to possession, Defendant relies on the Affidavit executed on February 4, 2021, and recorded with the Registry on February 16, 2021, attesting that Defendant is the holder of the promissory note secured by the mortgage. See Dkt. 13-7. Fitzhugh argues that Defendant's affidavit is insufficient to demonstrate physical possession because the purpose of the Affidavit is to protect a third-party purchaser, not the foreclosing party. See M.G.L. c. 244, § 35C(b) ("The affidavit certifying compliance with this subsection shall be conclusive evidence in favor of an arm's length third party purchaser for value . . . . The filing of such affidavit shall not relieve the affiant, or other person on whose behalf the affidavit is executed, from liability for failure to comply with this section . . . ."). Moreover, Fitzhugh argues that the Affidavit was based on a review of business records; the affiant does not say she actually saw the physical Note in Defendant's possession. Fitzhugh also argues that Defendant's introduction in bankruptcy proceedings of a different note for

[7]

$77,550 contradicts its assertion that it currently holds the $310,200 Note.

Courts in this district have rejected similar arguments, holding that an affidavit is sufficient in the context of a preliminary injunction, where the plaintiff has not met its burden of producing any evidence showing lack of possession. See Rice, 2 F. Supp. 3d at 33-34 ("It is not Defendant who must present evidence of its ownership of the note in order to avoid entry of an injunction."); McAllister v. Countrywide Home Loans, Inc., No. 16-10911, 2016 WL 3360482, at *3 (D. Mass. June 16, 2016) ("[A] bare challenge to the mortgagee's possession of the note or authority from the note holder—especially where the mortgagee has recorded an affidavit claiming authority—does not satisfy the preliminary injunction standard."). Fitzhugh has not affirmatively shown a likelihood of succeeding at trial on the question of possession.

2. *Assignment of the Mortgage*

Fitzhugh also attacks the chain of assignment of the Mortgage, pointing to the 2008 assignment. Fitzhugh argues that the later assignments are void because they rely on the void 2008 assignment. Defendant responds by arguing that Fitzhugh lacks standing to challenge the assignments, which are presumptively valid. "[A] mortgagor has standing to challenge a mortgage assignment as invalid, ineffective, or void (if, say, the assignor had nothing

to assign or had no authority to make an assignment to a particular assignee)," but "a mortgagor does not have standing to challenge shortcomings in an assignment that render it merely voidable at the election of one party but otherwise effective to pass legal title." Culhane v. Aurora Loan Servs. of Neb., 708 F.3d 282, 291 (1st Cir. 2013)).

General Law c. 183, § 54B requires the following for an assignment to be valid: (1) it be executed before a notary public or other officer; (2) by a person holding one of many enumerated positions; (3) of the entity holding the mortgage, or otherwise purporting to be an authorized signatory for that entity. Here, the five assignments, all recorded, meet the requirements of § 54B, and so are presumptively valid. See Bank of N.Y. Mellon Corp. v. Wain, 11 N.E.3d 633, 638 (Mass. App. Ct. 2014) ("With the assignment here comporting with the requirements of the governing statute, it was 'otherwise effective to pass legal title' and cannot be shown to be void."). As to the 2008 assignment, counsel for Wells Fargo concedes he does not know why it was issued, but argues it was merely superfluous, confirming the first 2005 assignment from Genea to Impac. The purported 2008 assignment did not undo the other assignments. At that point, Geneva had nothing to give Impac because it had already conveyed its interest in the mortgage to Impac (which had in turn conveyed its interest to Wells Fargo, as trustee for IMH Asset Corp.). Cf. Wells Fargo Bank, N.A.

[9]

v. Anderson, 49 N.E.3d 682, 685 (Mass. App. Ct. 2016) (calling a confirmatory assignment "superfluous and harmless"). Fitzhugh has pointed to nothing that would indicate the assignment to Defendant was void.

### B. Count IV: Action to Rescind the Mortgage Under 15 U.S.C. § 1635 and M.G.L. c. 140D

Fitzhugh argues that because she did not receive the required disclosures "at the consummation of her purported mortgage transaction," she had the right under the Truth in Lending Act to rescind the loan within three years. Dkt. 6 at 10 (citing Dkt. 1-1, ¶¶ 34-49). But, as Defendant argues, this misunderstands the Truth in Lending Act. Under the Truth in Lending Act, "the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter." 15 U.S.C. § 1635(a) (emphasis added). The three-year time limit for the right of rescission is only relevant if the required disclosures, including disclosure of the right of rescission, are never delivered. See 15 U.S.C. § 1635(f); see also Jesinoski v. Countrywide Home Loans. Inc., 574 U.S. 259, 261-62 (2015) (noting that borrowers have "an unconditional right to rescind for three days, after which they may rescind only if the lender failed to

[10]

satisfy the Act's disclosure requirements," but that "[e]ven if a lender never makes the required disclosures, the 'right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first.'"). And the disclosure of the right to rescind need not be provided at closing. See Comment for 1026.23 – Right of Rescission, Consumer Fin. Protection Bureau (June 30, 2021), https://www.consumerfinance.gov/rules-policy/regulations/1026/interp-23/#23-b-1-Interp-4 ("The notice required by § 1026.23(b) need not be given before consummation of the transaction. The creditor may deliver the notice after the transaction is consummated, but the rescission period will not begin to run until the notice is given.").

The Complaint indicates that Fitzhugh received "notice of her three-day right to cancel the transaction" with the package of closing documents sometime before February 16, 2005. Dkt. 1-1, ¶ 38. Fitzhugh does not allege that she did not receive the required disclosures. She only alleges that, at closing, she "did not receive a copy of any of the closing documents." Id., ¶ 35. This is insufficient to allege that she did not receive the disclosures. She has not demonstrated a likelihood of success that her recission was timely.

[11]

In sum, Fitzhugh has not established a likelihood of success on the merits and has not established an entitlement to a preliminary injunction.

## ORDER

For the reasons stated above, the Court **DENIES** Fitzhugh's emergency motion for preliminary injunction (Dkt. 5) and **VACATES** the stay (Dkt. 7).

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge